# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11077
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

CHARLES FRANKLIN WOODRUFF,

Plaintiff-Appellant

v.

BRYAN WALLS, Sheriff, Young County; TOMMY MARTIN, Captain of the Young County Sheriff's Department; B. J. COOK, Sergeant; NFN MOODY, Deputy; NFN DENNIS, Corporal; LINDA DOE, Deputy,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:12-CV-71

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles Franklin Woodruff, now Texas prisoner # 01737452, appeals the district court's sua sponte dismissal with prejudice of his pro se, in forma pauperis (IFP) 42 U.S.C. § 1983 complaint. We review the dismissal de novo. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11077

The district court is required to dismiss an IFP complaint that fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii). Generally, however, the plaintiff is to be given "notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).  Although the district court issued questionnaires eliciting additional facts, Woodruff "did not receive notice that his complaint might be inadequate," or "an opportunity to amend it or argue against that characterization."  *Id.*  Woodruff's brief indicates that he could have amended his complaint to allege more specific facts had he been informed of the inadequacies of his complaint and had an opportunity to respond.

For the foregoing reasons, though we express no opinion on the merits of Woodruff's complaint, we VACATE the district court's order dismissing the complaint with prejudice and REMAND for further proceedings.  Woodruff's motion for appointment of appellate counsel is DENIED without prejudice to the filing of another motion for appointment of counsel in the district court.